■ JOHNNY E. HAYNES, as Administrator of the Estate of SALLY R. HAYNES, Deceased, Respondent, v LA GUARDIA MEDICAL GROUP, P. C., et al., Appellants, et al., Defendants. — Order, Supreme Court, New York County (Martin Evans, J.), entered on March 22, 1983, affirmed for the reasons stated by Martin Evans, J., at Special Term. Respondent shall recover of appellants one bill of $75 costs and disbursements of this appeal. Concur — Asch, J. P., Bloom, Lynch and Alexander, JJ.

Silverman, J., dissents in a memorandum as follows: I would reverse the order appealed from and grant defendants' motion to dismiss the complaint pursuant to CPLR 3012 (subd [b]) for failure to timely serve a complaint.

No valid excuse is given for failure to comply with defendants' demand for service of the complaint. This is not even a case of oversight. Plaintiff's attorney deliberately and unilaterally chose not to serve a complaint even on defendants who were not questioning jurisdiction until the question of jurisdiction had been decided as to all defendants. Thus defendants who had served a demand for a complaint and not made any jurisdictional objections were left for five months without any complaint and without any knowledge of what malpractice was being charged against them. They were entitled to this information. And plaintiff was not entitled to withhold a complaint until all the jurisdictional problems had been determined. Indeed, in the

usual case where a summons is served with a complaint, questions of jurisdiction are obviously decided after the complaint has been served. (Cf. CPLR 3211, subd [a], par 8.)

Nor is there any showing of merits as against the moving defendants. The 30-page, 166-paragraph complaint is bare and conclusory. Only two paragraphs purport to state the malpractice. They do not name the particular defendants, merely saying, "each of the defendants" was negligent; the malpractice claimed is that the medical care "was negligently, carelessly and improperly rendered in that the defendants herein * * * failed to diagnose the condition(s) from which plaintiff's intestate suffered and failed to properly manage her pregnancy and medical condition." Nothing in the complaint or the supporting papers purports to indicate what any particular defendant was supposed to have done. In particular with respect to defendants De Leon and Mann, there is nothing to indicate that they had anything to do with the case at the time of the claimed negligent misdiagnosis. As to defendant Mann, his attorney affirms that Dr. Mann is a psychiatrist who was not on the staff of New York Hospital at the time of the decedent's death, and who never treated or saw the patient in any capacity. In response to this, on oral argument, all that plaintiff's attorney was able to point to was a hospital note, apparently signed by defendant Marin (or Marrin), which plaintiff's attorney misreads as "Mann".

Clearly this is a case in which plaintiff sued anyone in sight — or out of it — without regard to whether there was any basis for a claim of malpractice against any particular defendant. This is most dramatically demonstrated by the caption itself. After naming three hospitals, 14 doctors and one medical group as defendants, the caption ends "and all those interns, residents and attending physicians at the foregoing institutions who rendered professional care, treatment and services to the plaintiff's intestate, but whose names in the records of the foregoing institutions are illegible, undecipherable and, consequently unascertainable, referred to herein as 'JOHN DOE, I, M.D.,' 'JOHN DOE, II, M.D.,' 'JANE DOE, I, M.D.,' 'JANE DOE, II, M.D.,' and M. KELLACKEZ, M.D. Defendants."

We should not countenance such an abuse of process.